UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM B. MAGNARD, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-2810** |
| **SADHANUA V. WADGAUNKAR ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Sadhanua V. Wadgaunkar, M.D. and Raja Dhurandhar, M.D. is **GRANTED**, and the complaint is **DISMISSED**.  (Document #3.)

### I. BACKGROUND

Proceeding *pro se*, William B. Magnard III filed a complaint against healthcare providers, Sadhanua V. Wadgaunkar, M.D. and Raja Dhurandhar, M.D. and unnamed insurers, asserting claims of medical malpractice.  Magnard alleges that the defendants caused him to over-exert himself on a treadmill during a stress test performed at Touro Hospital.

The defendants filed a motion to dismiss for lack of subject matter jurisdiction and, alternatively, on grounds that the action is premature because it was filed before the claim was

presented to the Medical Review Panel.  Magnard has not filed an opposition to the motion to dismiss.[1]

## II. DISCUSSION

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999); 28 U.S.C. § 1332.

The complaint indicates that Magnard identifies all of the parties as being citizens of Orleans Parish, State of Louisiana.[2]  Accordingly, the parties are not diverse, and the court lacks subject matter jurisdiction over the action.

New Orleans, Louisiana, this   27th day of July, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1]   A copy of the defendants motion was sent to Magnard at the address provided in the record.  Magnard has not provided the court with a telephone number.

[2]   There is no allegation in the complaint that can be construed as raising a federal question.